# COURT OF APPEAL
# PARISH OF ORLEANS.

KARL HANSEN

versus

NATIONAL SURETY COMPANY.

By Dinkelspiel; J.

By Dinkelspiel; J.

In order to correctly decide this case we re-
fer to the record No. 121069 of the Civil District
Court, the suit of Conservative Homestead Associa-
tion versus James C. Tourney.

In that suit, to which this is the outgrowth,
the plaintiff there sued the defendant because he had
entered into a written contract to erect a certain build-
ing in the City of New Orleans, for the sum of $4094.00,
and to which contract the defendant in the present suit
was the surety of the defendant in that case and alleg-
ing that Tourney had defaulted after the first payment
which was on January 19th, 1916, plaintiff in that suit
called upon the surety for defendant to pay protect the
plaintiff in that case, under its bond.

A judgment was rendered condemning the surety
company to pay the various privileged creditors the
amounts due them and the Surety Company, defendant in
this case was ordered to finish the building.

In accordance with judgment rendered, the de-
fendant Surety Company employed the present plaintiff
to finish the building for Seven Hundred Dollars; plain-
tiff was to furnish the labor only and the defendant was
to furnish the material.    Plaintiff proceeded to with
the work, when his contract was cancelled and a new con-
tract made with a Mr. Frank to finish the building and
furnish everything, plaintiff being notified to get off
the building and work, which he refused to do until he
was paid for his labor and profit and for his labor he
claimed $112.00 and for his profit and damages the sum
of $250.00.

Defendant filed exceptions which were all over-
ruled and referred to the merits. He answered that
he had discharged the plaintiff for good and legal
cause and had ordered him to quit work and that the
only money that plaintiff was entitled to was the ac-
tual expense/and labor furnished prior to January 19th,
incurred
but was entitled to no damages.

On the trial of this cause evidence pro and con
which at times exhibited more or less of ill feelings
between the parties, but which finally resulted in a
judgment for plaintiff in the sum claimed.

A resume' of the evidence introduced together
with the admissions made by the defendant in this case
satisfies us that the plaintiff endeavored to execute
his contract with the defendant; he started the work
under the supervision of a Mr. Benson, an expert, and
consulted an architect as to his duty, who examined the
premises in question, advised plaintiff of what he should
do and on which advice he, plaintiff, acted; he has es-
tablished that he expended the amount of money he claims
in this case and that he was prevented from finishing
the work through the acts of the defendant; he has sworn
that the damage was $250.00, the amount of profit he
would have realized had he completed the work and both
the Code and the Authorities concur in allowing him this
and we are satisfied that he is entitled to the full a-
mount of his claim.

Art. 2765. C. C. Cancellation of Contract by Owner. "The
proprietor has a right to cancel at pleasure the bargain
he has made, even in case the work has already been com-
menced, by paying the undertaker for the expense and lab-
or already incurred, and such damages as the nature of the
case may require."

"A substantial performance of the contract is all that the law requires, and the employer will not be permitted to avoid payment because the strict letter of the agreement has not been carried out.  Slight deviations, or technical, unimportant, or inadvertent omissions or defects, will not bar recovery." Dugue vs. Levy, 114 La. p. 21; also see McCord vs. Railroad 5th Ann. 220.

"Where the proprietor has cancelled a contract made with an undertaker for the erection of a building, the Court will not award the undertaker the full amount he was to receive for the entire services necessary to complete the building, but will award the amount of profit which he would make on the contract, if completed." Moore vs. Howard, 18 Ann/ p. 635.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed, with costs of both Courts to be paid by the defendant.

–Judgment Affirmed–